UNITED STATES *v.* PACIFIC CUSTOMS BROKERAGE CO.

**No. 4369.**—Invoices dated Moncton, New Brunswick, Canada, December 12, 1936; Yarmouth, Nova Scotia, Canada, December 10, 11, 1936; Middleton, Nova Scotia, Canada, December 10, 1936; Passekaeg, New Brunswick, Canada, December 12, 1936.

Entered at Vanceboro, Maine, December 17, 15, 1936.
Entry Nos. V–817, V–800, V–795.

## Third Division, Appellate Term

(Decided July 21, 1938)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the appellant.

Strauss & Hedges (*Eugene F. Blauvelt* of counsel) for the appellee.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

KEEFE, Judge: These appeals for review of reappraisements were filed by the Assistant Attorney General and involve the dutiable value of certain Christmas trees imported from the provinces of New Brunswick and Nova Scotia, Canada. The trees were entered and appraised at the same prices. The collector considered the appraised values too low and filed appeals for reappraisements. After hearing the testimony and considering other evidence admitted at the trial, the trial court reached the conclusion that sufficient evidence had not been presented to overcome the presumption of correctness attaching to the action of the appraiser, thereby affirming the appraised values. See Reap. Dec. 4159.

Upon appeal here the Government claims that the trial court erred in excluding from the evidence below certain consular invoices offered by the Government in an endeavor to prove the prices at which other Canadian Christmas tree dealers sold their product for export to the United States.

It is further argued by the Government that Christmas trees were freely offered for sale in the usual wholesale quantities and in the ordinary course of trade to all purchasers in the Provinces of Nova Scotia and New Brunswick, for export to the United States at the price of 80 cents per bundle, f. o. b. shipping point, or at $1.60 per bundle c. i. f. United States; and alternatively, that the foreign value for home consumption in Canada for Christmas trees is 60 cents per bundle, f. o. b. shipping point, therefore a price higher than the appraised value.

In passing, first, upon the lower court's excluding certain consular invoices from the evidence, we find upon examination that they are of little value *per se* in establishing the foreign or export value of the merchandise herein, and consequently we are of the opinion that the trial court acted within its discretion in excluding the same from the evidence.

From a careful examination of the evidence we are unable to find that there is a foreign value, or an export value in Canada, as that term is defined in section 402 (d) of the Tariff Act of 1930. We are also unable to find any freely offered prices to all purchasers, or any evidence of the usual wholesale quantity in which the merchandise is bought and sold. On the other hand, the evidence is clear that there are no principal markets for Christmas trees in Canada. At the

time of exportation to the United States of the Christmas trees in question, proof of the prices at which such or similar merchandise is *freely* offered for sale to *all* purchasers in the *principal markets* of Canada, in the *usual wholesale quantities*, and in the *ordinary* course of trade, is entirely lacking. Indeed, the greater portion of the evidence produced by the Government has reference to the cost of the standing trees, the cost of materials and manipulation, and other costs and charges incident to conditioning the trees preparatory for shipment at the railroad sidings nearest the points of production, from which the values sought to be established are figured. We are not concerned here with evidence of cost of production because, before resorting to such basis of value, it must first be proven that there is no foreign or export value applicable to the merchandise and also that the United States value cannot be satisfactorily ascertained. The appraiser has found a dutiable value for the merchandise, and, so far as we have been able to determine from the evidence, nothing has been presented sufficient to overcome the presumption of correctness of that value.

From a consideration of the record, we find the following facts:

1. That the merchandise here consists of Christmas trees imported from the provinces of New Brunswick and Nova Scotia, Canada;

2. That there is no foreign value for the merchandise as that value is defined in section 402 (c) of the Tariff Act of 1930;

3. That there is no export value for the merchandise as that value is defined in section 402 (d);

4. That the appellant has failed to sustain the burden of proving that there was a foreign or export value for the merchandise.

5. That the dutiable value of the merchandise is that found by the appraiser, such value being presumptively correct.

We conclude as matter of law that the dutiable values of the merchandise herein are as set out in paragraph 5 of our findings of fact. The judgment of the trial court is therefore affirmed, and judgment will be rendered accordingly.